MICHAEL FEUER, City Attorney (SBN 111529)
KATHLEEN A. KENEALY, Chief Assistant City Attorney (SBN212289)
SCOTT MARCUS, Chief, Civil Litigation Branch (SBN 184980)
ANTHONY M. MIERA, Managing Assistant City Attorney (SBN 138490)
**FREDERICK B. HAYES**, Deputy City Attorney (SBN 165315)
HASMIK BADALIAN COLLINS, Deputy City Attorney (SBN 255839)
200 North Main Street
6th Floor, City Hall East
Los Angeles, CA  90012
Email: fred.hayes@lacity.org
Telephone: 213-978-7000 Facsimile: 213-978-8789

*Attorney for Defendants,*
**CITY OF LOS ANGELES and BONITA WILLIAMS**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.R., a Minor, by and through his Guardian Ad Litem, Erika Garcia; J.L., a Minor, by and through his Guardian Ad Litem, Claudia Santoyo,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, by and through the LOS ANGELES POLICE DEPARTMENT; BONITA WILLIAMS, an individual; DOES 1-25, inclusive<br><br>Defendants. | **CASE NO: CV 20-02619  FMO**<br>[Assigned: Hon. Fernando M. Olguin Magistrate: Jacqueline Chooljian]<br><br>**ANSWER OF DEFENDANT CITY OF LOS ANGELES AND BONITA WILLIAMS TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD THEREIN:**

NOW COMES Defendants CITY OF LOS ANGELES by and through the LOS ANGELES POLICE DEPARTMENT ("City") and BONITA WILLIAMS ("Williams") (City and Williams are collectively referred to as "Defendants") answering the Plaintiffs' Complaint filed by Plaintiffs I.R., a Minor, by and through

his Guardian Ad Litem, Erika Garcia; J.L., a Minor, by and through his Guardian Ad Litem, Claudia Santoyo (collectively, "Plaintiffs") in Case Number 2:20-cv-02619, for themselves and deny any and all such allegations, and further admit or deny the specific allegations of the Complaint, and state applicable affirmative defenses, as follows:

Answering Paragraph 1 of the Complaint, Defendants admit that prior to removal, the state court had concurrent jurisdiction over the claims in the Complaint for alleged violations of civil rights under 42 U.S.C. § 1983 and state law claims and that Plaintiffs seek the relief specified in this paragraph, but deny that Plaintiffs are entitled to any of the relief they seek, or to any other relief, by way of their Complaint.

Answering Paragraph 2 of the Complaint, Defendants admit the factual allegations in this paragraph.

Answering Paragraph 3 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 4 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 5 of the Complaint, Defendants admit that at times alleged in the Complaint, Defendant Williams was employed by Defendant City.

Answering Paragraph 6 of the Complaint, Defendants admit that Defendant City is a governmental entity and that persons employed by and through the Los Angeles Police Department ("LAPD"), including Defendant Williams, are City employees.

Answering Paragraph 7 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth

in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 8 of the Complaint, Defendants make no response to this paragraph because it is directed to other unknown and unidentified persons or entities.

Answering Paragraph 9 of the Complaint, no response to Plaintiffs' statement regarding the form of their Pleading is necessary by Defendants; however, Defendants' note such a statement fails to meet the federal pleading standard under Rule 8 of the Federal Rules of Civil Procedure.

Answering Paragraph 10 of the Complaint, Defendants admit the factual allegations in this paragraph.

Answering Paragraph 11 of the Complaint, Defendants admit LAPD provided information to the public regarding the Jeopardy Program. Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the remaining factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 12 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 13 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 14 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 15 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 16 of the Complaint, Defendants are without sufficient

knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 17 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 18 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 19 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 20 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 21 of the Complaint, Defendants admit that at times alleged in Plaintiffs' Complaint, Defendant Williams was a trained officer and member of LAPD. Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations (e.g., Plaintiffs' understanding) set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 22 of the Complaint, the allegations set forth in this paragraph assume the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 23 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 24 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 25 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 26 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 27 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 28 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 29 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 30 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 31 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 32 of the Complaint, no response is necessary because the allegations set forth are Plaintiffs' legal conclusion regarding California Penal Code § 273a.

Answering Paragraph 33 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 34 of the Complaint, Defendants are without sufficient

knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 35 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 36 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 37 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 38 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 39 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 40 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 41 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 42 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 43 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth

in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 44 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 45 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 46 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny. Defendants further deny that Plaintiffs is entitled to any relief, including punitive damages, under their Complaint against Defendants.

Answering Paragraph 47 of the Complaint, Defendants incorporate each and every preceding paragraph, numbers 1 through 46, as though fully set forth herein.

Answering Paragraph 48 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 49 of the Complaint, Defendants admit that Defendant Williams was employed as a law enforcement officer with LAPD and that LAPD provided information to the public regarding the Jeopardy Program. Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the remaining factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 50 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 51 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 52 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 53 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 54 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 55 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 56 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny. Defendants further deny that Plaintiffs is entitled to any relief, including punitive damages, under their Complaint against Defendants.

Answering Paragraph 57 of the Complaint, Defendants incorporate each and every preceding paragraph, numbers 1 through 56, as though fully set forth herein.

Answering Paragraph 58 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 59 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 60 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 61 of the Complaint, this paragraph contains allegations

that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 62 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 63 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny. Defendants further deny that Plaintiffs is entitled to any relief, including punitive damages, under their Complaint against Defendants.

Answering Paragraph 64 of the Complaint, Defendants incorporate each and every preceding paragraph, numbers 1 through 63, as though fully set forth herein.

Answering Paragraph 65 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 66 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 67 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 68 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 69 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny. Defendants further deny that Plaintiffs is entitled to any relief, including punitive damages, under their Complaint against Defendants.

Answering Paragraph 70 of the Complaint, Defendants incorporate each and

every preceding paragraph, numbers 1 through 69, as though fully set forth herein.

Answering Paragraph 71 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 72 of the Complaint, this paragraph contains allegations that are false (e.g., "Plaintiff's arrest") and allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 73 of the Complaint, Defendants admit the general thrust of the allegations of this paragraph.

Answering Paragraph 74 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 75 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 76 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 77 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 78 of the Complaint, Defendants incorporate each and every preceding paragraph, numbers 1 through 77, as though fully set forth herein.

Answering Paragraph 79 of the Complaint, Defendants admit Defendant City operated the Jeopardy Program but deny the factual allegations and characterization as "described elsewhere in the Complaint" because such descriptions contain allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny the remaining allegations.

Answering Paragraph 80 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 81 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 82 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 83 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 84 of the Complaint, Defendants deny the factual allegations of this paragraph.

Answering Paragraph 85 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 86 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 87 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 88 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 89 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and,

therefore, Defendants deny. Defendants further deny that Plaintiffs have stated a claim for battery against Defendants.

Answering Paragraph 90 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny. Defendants further deny that Plaintiffs have stated a claim for battery against Defendants.

Answering Paragraph 91 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 92 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 93 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny. Defendants further deny that Plaintiffs is entitled to any relief, including punitive damages, under their Complaint against Defendants.

Answering Paragraph 94 of the Complaint, Defendants incorporate each and every preceding paragraph, numbers 1 through 93, as though fully set forth herein.

Answering Paragraph 95 of the Complaint, Defendants admit Defendant City operated the Jeopardy Program but deny the factual allegations and characterization as "described elsewhere in the Complaint" because such descriptions contain allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny the remaining allegations.

Answering Paragraph 96 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 97 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and,

therefore, Defendants deny.

Answering Paragraph 98 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 99 of the Complaint, Defendants deny the factual allegations of this paragraph.

Answering Paragraph 100 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 101 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 102 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 103 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 104 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 105 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 106 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 107 of the Complaint, this paragraph contains

allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 108 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny. Defendants further deny that Plaintiffs is entitled to any relief, including punitive damages, under their Complaint against Defendants.

Answering Paragraph 109 of the Complaint, Defendants incorporate each and every preceding paragraph, numbers 1 through 108, as though fully set forth herein.

Answering Paragraph 110 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 111 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 112 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 113 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 114 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 115 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 116 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth

in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 117 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 118 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 119 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 120 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 121 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny. Defendants further deny that Plaintiffs is entitled to any relief, including punitive damages, under their Complaint against Defendants.

Answering Paragraph 122 of the Complaint, Defendants incorporate each and every preceding paragraph, numbers 1 through 121, as though fully set forth herein.

Answering Paragraph 123 of the Complaint, Defendants admit that Defendant Williams was employed as a law enforcement officer with the LAPD. The remaining allegations of this paragraph assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny those allegations

Answering Paragraph 124 of the Complaint, Defendants admit Defendant City operated the Jeopardy Program but deny the factual allegations and characterization as "described elsewhere in the Complaint" because such descriptions contain allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny the remaining allegations.

Answering Paragraph 125 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the factual allegations set forth in this paragraph and, on that basis deny each and every such allegation.

Answering Paragraph 126 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 127 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 128 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

Answering Paragraph 129 of the Complaint, this paragraph contains allegations that assume disputed facts, the ultimate allegations and legal conclusions and, therefore, Defendants deny.

## PLAINTIFFS' PRAYER

Defendants deny that Plaintiffs are entitled to any relief of the relief requested in the "WHEREFORE" clause following paragraph 125, including subparts 1 through 4, and respectfully requests that the Court dismiss the Complaint in its entirety and enter judgment in their favor and against Plaintiffs.

The final paragraph also requires no response.

## SEPARATE AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendants upon which relief may be granted. Therefore, the Complaint should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

Defendants are a public entity and/or employee and allege the Complaint and each and every cause of action therein is barred by the doctrine of third party immunity set forth in section 820.8 of the Government Code.

## THIRD AFFIRMATIVE DEFENSE

Defendants allege that Plaintiffs were negligent in and about the activities alleged in the complaint; that said negligence contributed and was a proximate cause of Plaintiffs' alleged injuries and damages, if any, or was the sole cause thereof; and that if Plaintiff are entitled to recover damages against Defendants, then Defendants pray that the recovery be diminished or extinguished by reason of the negligence of Plaintiffs in proportion to the degree of fault attributable to Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

Defendants are a public entity and/or public employee and alleges the complaint and each and every cause of action therein is barred by the doctrine of discretionary immunity set forth in section 820.2 of the Government Code.

## FIFTH AFFIRMATIVE DEFENSE

Defendants allege the provisions of the California Government Claims Act of the California Government Code (Government Code §810 et seq.) as a measure of the duty of the City of Los Angeles and its employees.

## SIXTH AFFIRMATIVE DEFENSE

The complaint fails to state a federal civil rights claim against the defendants under the doctrine announced in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

///

## SEVENTH AFFIRMATIVE DEFENSE

Defendants are immune from any liability and protected against the burden of litigation under the doctrine of qualified immunity and the common law immunities protecting peace officers, prosecutors and public officials.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants are a public entity and/or employees of a public entity and therefore immune from liability for exemplary damages pursuant to provisions of section 818 of the California Government Code.

## NINTH AFFIRMATIVE DEFENSE

Defendants allege the plaintiff failed to comply with the requirements of the California Government Claims Act of the California Government Code and therefore all claims of the Plaintiffs are barred.

## TENTH AFFIRMATIVE DEFENSE

Defendant City alleges that it is not liable for any acts or omissions of its employees which occurred outside of those employees' scope of employment with the City.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants plead that at all time relevant to Plaintiffs' allegations, Defendants were acting without malice in good faith and therefore enjoy good faith immunity from suit.

## TWELVTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint and to the alleged violations of 42 U.S.C. §1983, defendants allege that defendants' conduct at all times material herein was privileged and/or justified under applicable law.

### THIRTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitation.

### FOURTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs' claims are barred, in whole or in part, based upon the doctrines of waiver, and estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to take reasonable steps to mitigate their claims of damages, the existence of such damages being hereby denied.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims are based on the doctrine of respondeat superior, such claims are barred because the doctrine of respondeat superior is not a basis for recovery under 42 U.S.C. § 1983.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As to the California state claims and theories of recovery Defendants are immune from liability pursuant to the provisions of each of the following California statutes, each of which is set forth as a separate and distinct affirmative defense:

Government Code Sections 815(b); 815.2(b); 815.4; 818.4; 818.6, 818.7; 818.8; 820(b); 820.2; 820.4; 820.6; 820.8; 821; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9; 831; 831.2; 831.25; 831.3; 831.4; 831.5; 831.6; 831.7; 831.8; 835.4; 840.6; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 846; 850; 850.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 856.4; and related provisions of these code sections and interpretative case law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint and to the alleged violations of 42 U.S.C. § 1983, Defendants allege that Plaintiffs have failed to exhaust administrative and/or contractual remedies.

### NINETEENTH AFFIRMATIVE DEFENSE

As a separative and affirmative defense to the Complaint and to each and every allegation contained therein, Defendants allege that Plaintiffs' purported state law causes of action alleged in the complaint are limited to the allegations contained in any government claim Plaintiffs may have presented, and that, to the extent the Complaint attempts to enlarge or expand upon the allegations asserted in such government claim(s), if any, the complaint fails to state a cause of action and is barred pursuant to California Government Code §§ 905, 905.2, 910, 911, 945.4, 950.3 and related provisions.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendants are not legally responsible for the acts and/or omissions of those additional defendants named in the Complaint and/or to be named as DOES, including Doe 1.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants allege that Plaintiffs have failed to join a necessary or indispensable party, and therefore, the Complaint should be dismissed.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants are informed and believe and based thereon allege that the injuries and damages of which Plaintiffs complain were proximately caused by or contributed to by the acts of other persons and/or entities, and that said acts were an intervening and superseding cause of the injuries and damages, if any, of which Plaintiffs complain, thus barring Plaintiffs from any recovery against these

Defendants.

## **TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendants are informed and believe and based thereon allege that if Plaintiffs suffered or sustained any injury, loss, damages or detriment, the same was directly and proximately caused by or contributed to by the conduct, acts, omissions, activities, carelessness, recklessness, negligence and /or intentional misconduct of third parties not within the knowledge of control of Defendants, and therefore was sustained, if at all, without any negligence or fault on the part of these Defendants.

## **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiffs lack the capacity and/or standing to sue, thereby barring Plaintiffs' Complaint.

## **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Defendants reserve the right to amend this answer in order to assert any additional affirmative defenses that may be uncovered or made known during the pendency of this case.

**WHEREFORE**, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by this action;

2. That the action be dismissed with prejudice;

3. That Defendants recover costs of suit herein, including attorneys' fees pursuant to 42 U.S.C §1988.; and

4. For such other relief as is just and proper.

///

///

///

21

# JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38-2, Defendants demand a jury trial.

DATED: March 26, 2020

MICHAEL FEUER, City Attorney
KATHLEEN A. KENEALY, Chief Assistant City Attorney
SCOTT MARCUS, Chief, Civil Litigation Branch
ANTHONY M. MIERA, Managing Assistant City Attorney

By:      **/s/ Frederick B. Hayes**
**FREDERICK B. HAYES,** Deputy City Attorney

*Attorneys for Defendants,* **CITY OF LOS ANGELES and BONITA WILLIAMS**

**PROOF OF SERVICE**

I, TIFFANY LAM, declare as follows:

At the time of service I was over 18 years of age and not a party to this action.   My business address is 600 City Hall East, 200 North Main Street, Los Angeles, CA  90012, which is in the County, City and State where this mailing occurred.

On March 26, 2020, I served the document(s) described as **ANSWER OF DEFENDANT CITY OF LOS ANGELES AND BONITA WILLIAMS TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** on all interested parties in this action:

| | |
|---|---|
| Daniel C. Sharpe, Esq.<br>WINDSOR TROY<br>3701 Wilshire Boulevard, Suite 1111<br>Los Angeles, CA 90010 | ATTORNEYS FOR PLAINTIFFS, I.R., a Minor, by and through his Guardian Ad Litem, Erika Garcia; J.L., a Minor, by and through his Guardian Ad Litem, Claudia Santoyo<br>Telephone:  (323) 800-5405<br>Facsimile:   (323) 800-5406<br>Email: daniels@wtroy.com |

[ X ] ONLY BY ELECTRONIC TRANSMISSION. Only by emailing the document(s) to the persons at the e-mail address(es).  This is necessitated during a declared National Emergency due to the Coronavirus (Covid-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is, therefore, using only electronic mail.  No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only, when we return to the office at the conclusion of the national emergency.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

March 26, 2020

**/s/ Tiffany Lam___**
DECLARANT