Daniel C. Sharpe, Esq. (SBN 267075)
Kim A. Anglin, Esq. (SBN 218749)
**WINDSOR TROY**
3701 Wilshire Boulevard, Suite 1111
Los Angeles, California 90010
Phone: (323) 800-5405
Facsimile: (323) 800-5406

Attorneys for Plaintiffs

Frederick B. Hayes, Esq. (SBN 165315)
Christina P. Schmidt, Esq. (SBN 198583)
**OFFICE OF THE CITY ATTORNEY**
200 North Main Street
6th Floor, City Hall East
Los Angeles, California 90012
Phone: (213) 978-7000
Facsimile: (213) 978-8789

Attorneys for Defendants
CITY OF LOS ANGELES and BONITA WILLIAMS

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.R., a Minor, by and through his Guardian Ad Litem, Erika Garcia; J.L., a Minor, by and through his Guardian Ad Litem, Claudia Santoyo,<br><br>PLAINTIFFS<br>v.<br><br>CITY OF LOS ANGELES, by and through the LOS ANGELES POLICE DEPARTMENT; OFFICER BONITA WILLIAMS, an Individual; JOYCE FIELDS BREWER SIMPSON, an | No. 2:20-cv-02619-FMO (JCx)<br><br>**PARTIES' JOINT REPORT PURSUANT TO FRCP 26(f)** |

| | |
|---|---|
| Individual; DOES 2-25, inclusive, | |
| DEFENDANTS | |

Counsel for Minor Plaintiffs I.R. and J.C. and counsel for Defendants CITY OF LOS ANGELES and OFFICER BONITA WILLIAMS met and conferred on May 21, 2020 pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), Local Rule ("L.R.") 26-1 *et seq.*, and This Honorable Court's *Order Setting Scheduling Conference* filed on March 30, 2020. (See Docket No. 12.)[1] At this meeting, the parties – through their respective attorneys of record – discussed the specific matters identified in the Court's Order, as required under FRCP 26(f) and other matters relevant to the issuance of a Scheduling Order pursuant to FRCP 16(b).

**A.     Statement of the Case**

Plaintiff's Statement: As detailed more thoroughly in the operative Complaint, Plaintiffs allege that Defendant City of Los Angeles – by and through the Los Angeles Police Department generally and Defendant Officer Bonita Williams specifically – organized and oversaw a "Character Building Camp" that was advertised to members

---

[1] Although the parties understand that the Order issued by this Honorable Court expressly required that counsel were instructed to meet "in person" to confer pursuant to FRCP 26(f), counsel conducted the conference telephonically in order to comply with all relevant guidelines and restrictions due to the ongoing COVID-19 pandemic.

of the Los Angeles community and encouraged adult parents to enroll their minor children as a safe place to develop positive life skills. Over the course of the first two weeks of the camp, Defendant Simpson – an apparent community volunteer permitted by Defendants City of Los Angeles and Officer Williams to exercise authority over the minor attendees – frequently belittled and harassed the minor attendees with racial language and punishment for failing to speak English to her liking, including making them run extra laps for using Spanish and stating that they and their parents should be deported. Without notice or approval from parents, Defendant Simpson began instituting corporal punishment in the Camp by demanding certain minor attendees punch other minor attendees that Defendant Simpson felt were not behaving appropriately, as well as threatening worse physical punishment to those that cried or otherwise expressed discomfort with hitting others. Plaintiffs allege that Defendant City of Los Angeles and Defendant Williams either approved of such conduct or otherwise acted with reckless disregard in her duty of care to supervise and protect the minor attendees entrusted to them through the "Character Building Camp."

Plaintiffs assert claims for civil rights violations on the basis of state-created danger and equal protection under the Fourteenth Amendment, supervisory liability, *Monell* claim against Defendant City of Los Angeles for maintaining a practice and policy of improper supervision of individuals allowed to participate in the outreach programs and allowing or otherwise failing to curtail overt racist and physical attacks

on minor children in such programs, as well as claims for battery, assault, negligent supervision, and intentional infliction of emotional distress under California law.

Defendants' Statement of the Case:

Defendants City of Los Angeles ("City") and Bonita Williams (collectively, "Defendants") filed their answer to Plaintiffs' initial complaint on March 26, 2020. (Dkt. No. 10.) Pursuant to stipulation and order, on May 21, 2020, Plaintiffs filed their First Amended Complaint ("FAC"). (Dkt. Nos. 14, 15 and 16.) Defendants' response to Plaintiffs' FAC currently is due to be filed on or before June 4, 2020.

Defendants deny the charging allegations regarding misconduct and abuse set forth in Plaintiffs' pleadings, including their FAC. Defendants further deny that the alleged constitutional deprivations and state law torts were caused by an official City policy or custom or well-settled practice by the City. Defendants also specifically deny that the alleged constitutional deprivations and state law torts were caused by failure to properly train persons under their supervision and/or control and further deny that inadequate training actually caused or was a substantial factor in causing the misconduct and abuse alleged in Plaintiffs' pleadings. Defendants further deny that any supervisors participated in or directed the alleged constitutional violations and state law torts, or knew of the alleged constitutional violations and state law torts and failed to act to prevent them.

//

## B. Subject-Matter Jurisdiction of This Honorable Court:

Plaintiffs originally filed this matter in Los Angeles Superior Court on January 22, 2020. On or about March 19, 2020, Defendants City of Los Angeles and Officer Bonita Williams removed this matter to the U.S. District Court for the Central District of California on the basis that Plaintiffs assert federal causes of action. As set forth in the First Amended Complaint, the parties agree that Jurisdiction is proper before this court pursuant to 28 U.S.C. §§ 1331 and 1441, as this Honorable Court enjoys original jurisdiction by virtue of the federal causes of action asserted under 42 U.S.C. § 1983.

## C. Legal Issues:

The primary legal issues in this case are as follows: (1) whether the individual defendants are liable for the instances of abuse and misconduct alleged to have occurred with respect to Plaintiffs in the "Character Building Camp" organized, advertised, and overseen by Defendant City of Los Angeles and its employees, agents, or assigns, including but not necessarily limited to Defendants Williams and Simpson; (2) whether Defendant City of Los Angeles is liable for maintaining customs and practices that were a substantial factor in causing the violations of Plaintiff's civil rights and injuries alleged; and (3) whether their exists any qualified immunity for the individual defendants as to the federal claims asserted.

Separately, the parties identify the following evidentiary issues that are likely to affect litigation in this case. Plaintiffs' counsel understands that there are likely

numerous witnesses to the same or similar incidents alleged in the form of other minor attendees and their respective parental guardians. Defendants deny plaintiffs' allegations and further deny the existence of similar incidents involving other minors. During the conference of counsel on May 21, 2020, defense counsel represented that that disclosures of the third-party witnesses, many of whom are likely to be minors of tender age (e.g., other minors participating in the Character Building Camp), may require a court order to safeguard the privacy concerns of said witnesses. Separately, Plaintiffs' counsel understands and represents herein that Defendant City of Los Angeles initiated an internal investigation into the allegations in the summer of 2019, but that the investigation has not concluded. On May 21, 2020, defense counsel confirmed that the various privileges under state and federal law would require a court order to compel disclosure of such records, subject to the timing of the internal investigation's conclusion. Finally, Plaintiffs' counsel understands that the ongoing COVID-19 pandemic and corresponding declarations of emergency by Governor Newsom and President Trump, as well as the health and safety restrictions imposed in and around the City and County of Los Angeles have required a dramatic shift in the use of resources by the Los Angeles Police Department. This shift in resources has had – and is anticipated to continue to have – a direct and detrimental impact on the efficiency and timing with which Defendants can respond to discovery in this case. Pursuant to this Honorable Court's Initial Standing Order in civil cases, as well as the

*Order Setting Scheduling Conference*, Plaintiffs propounded initial written discovery on Defendant City of Los Angeles on April 8, 2020. On May 7, 2020, Plaintiffs' counsel granted an initial three-week extension to respond to initial discovery, with the understanding that the redirection of staffing resources traditionally available to the Los Angeles City Attorney's Office to address the ongoing COVID-19 pandemic may require additional time to respond in good faith.

### D.     Parties, Evidence, Etc.

Plaintiffs in this case are Minors I.R. and J.L., by and through their court-appointed guardians ad litem (biological parents). Plaintiffs identify the following percipient witnesses to information and events relevant to the claims asserted: (1) Plaintiff I.R.; (2) Plaintiff I.R.'s guardian ad litem, Erika Garcia; (3) Plaintiff J.L.; (4) Plaintiff J.L.'s guardian ad litem, Claudia Santoyo; (5) currently unidentified minor attendees of the "Character Building Camp" who witnessed the same or similar instances of misconduct described in the operative Complaint; (6) Defendant Officer Bonita Williams who is alleged to have overseen the "Character Building Camp" program during the time that the alleged misconduct occurred; (7) Defendant Joyce Fields Brewer Simpson, who is alleged to be a community volunteer that supervised minor attendees such as Plaintiffs and directly participated in the misconduct alleged; (8) unidentified individuals employed by or otherwise acting on behalf of Defendant City of Los Angeles that participated in or are otherwise currently engaged in the

ongoing internal investigation of the misconduct alleged. Plaintiffs' counsel identifies the following key documents on the main issues of this case: (1) documents generated by or otherwise reflecting any interviews of minor attendees of the "Character Building Camp" regarding allegations of misconduct – including but not limited to the interviews of the Minor Plaintiffs in this case; (2) documents generated by or otherwise reflecting the internal investigation by Defendant City of Los Angeles into the misconduct alleged; (3) documents that reflect any and all training, instruction, or guidance provided by Defendant City of Los Angeles to Defendants Williams or Simpson regarding their participation in the "Character Building Camp;" (4) documents that reflect the formation and implementation of the "Character Building Camp" and protocols for instruction and supervision of the minor attendees; (5) documents reflecting any screening, evaluation, or other efforts regarding the fitness of community volunteers (including but not limited to Defendant Simpson) that Defendant City of Los Angeles permitted to participated in the "Character Building Camp;" (6) documents that reflect any prior issues of misconduct or failure of supervision involving Defendant Williams, Defendant Simpson, or any other individual associated with the "Character Building Camp;" (7) documents reflecting any contemporaneous communications between Defendant Simpson, Defendant Williams, or any other person regarding how the "Character Building Camp" was operated; (8) documents relating to any and all prior incidents of ineffective

supervision or improper discipline of minor attendees of community outreach programs operated by Defendant City of Los Angeles or the Los Angeles Police Department; and (9) documents relating to or otherwise reflecting damages incurred by Plaintiffs, including but not limited to medical and psychological care received as a direct or proximate result of the misconduct alleged.

Although the City's staffing resources, including for example, liaisons between the City Attorney's Office and Los Angeles Police Department, have been reassigned during the ongoing COVID-19 pandemic, Defendants' investigation and discovery is ongoing. Defendants anticipate providing Plaintiffs with further information regarding the categories of witnesses and documents identified above; however, Defendants dispute plaintiffs' contentions regarding the relevancy and discoverability of documents related to any internal affairs investigation(s) and/or persons conducting such investigations.

### E.  Insurance Coverage

Defendant City of Los Angeles represents that it is self-insured with respect to potential liability for the claims asserted in this litigation.

### F.  Magistrate Judge:

Neither Plaintiffs nor Defendants presently consent to appointment of a magistrate judge to preside over this action.

## G.     Discovery:

Pursuant to the Initial Standing Order for this Honorable Court, as well as the *Order Setting Scheduling Conference*, Plaintiffs have already proceeded with written discovery in this case with respect to Defendant City of Los Angeles. However, as noted elsewhere in this Joint Report, Plaintiffs have granted Defendant City of Los Angeles an initial three-week extension to respond to the same due to the ongoing COVID-19 pandemic and corresponding shift in resources for the Los Angeles Police Department that traditionally works with defense counsel – the City Attorney's Office – to effectively coordinate disclosure of information and documents responsive to Plaintiffs' discovery requests. Additionally, Plaintiffs' counsel understands and represents herein that, separate from traditional disagreements in discovery that could give rise to discovery motions, it is anticipated that one or more motions will necessarily be filed to seek orders for disclosure (potentially under protective order) of the identities of the other minor attendees and their guardians as percipient witnesses to the misconduct alleged, as well as documents generated from the internal investigation that Defendant City of Los Angeles continues to conduct into the allegations asserted by Plaintiffs. Furthermore, it is presently unclear to Plaintiffs when said internal investigation will be completed, and Plaintiffs respectfully represent herein that any discovery schedule should allow a reasonable time period for fact discovery to be conducted after the conclusion of the investigation. Separately, at

the time of the filing of this Joint Report Plaintiffs have taken steps to serve – but have not yet successfully served – Defendant Simpson. Given the specific factual allegations of misconduct by Defendant Simpson as well as the fact that the claims of supervisory liability and reckless disregard against Defendant Williams are based on the same, Plaintiffs anticipate that all parties will seek to conduct extensive written discovery and deposition of Defendant Simpson in this case.

Defendants assert appropriate discovery subjects include the allegations in Plaintiffs' FAC, or any subsequently, properly filed complaint and the denials and defenses asserted by Defendants in answer to Plaintiffs' FAC and/or any subsequent complaint filed by Plaintiffs to which Defendants respond by way of answer. Defendants do not seek any changes to limitations on discovery different from applicable statutory and case law limits.

Based on the foregoing, Plaintiffs respectfully propose the following discovery schedule to allow the good faith completion of all relevant and appropriately anticipated written discovery, depositions, and expert discovery as follows: (1) fact discovery – including the filing and hearing of any appropriate discovery motions – be completed no later than Wednesday, March 24, 2021; (2) initial expert disclosures pursuant to FRCP 26(a)(2)(D) are due to be served on all parties no later than Wednesday, March 3, 2021; (3) rebuttal expert disclosures pursuant to FRCP

26(a)(2)(D)(ii) are to be served on all parties no later than Monday, April 5, 2021; and (4) all expert discovery is to be completed on or before Wednesday, May 12, 2021.

Defendants propose April 21, 2021 as the date to complete fact discovery and concur with the other dates identified by Plaintiffs.

**H.     Motions**:

As described elsewhere in this Joint Report, Plaintiffs anticipate the filing of discovery motions related to the disclosure of the identities of the other minor attendees and their parental guardians who are reasonably anticipated to be percipient witnesses to the same or similar incidents of misconduct alleged in this litigation. Plaintiffs further anticipate motions to compel disclosure of documents generated from the ongoing internal investigation of the allegations of misconduct by Defendant City of Los Angeles. Finally, Plaintiffs anticipate motions to compel disclosure of any prior complaints or incidents of alleged misconduct related to LAPD outreach programs, including but not limited to incidents of improper disciplining of young children, racial abuse as to minor children that communicate in Spanish, and ineffective supervision and/or screening of community volunteers permitted by Defendant City of Los Angeles to participate in such outreach programs. Currently, Plaintiffs are unaware of the existence of individuals not presently named in the First Amended Complaint who may share liability for the claims asserted. However, Plaintiffs understand and assert herein that there may be additional individuals other

than Defendants Williams and Simpson that were responsible for the supervision and safety of Plaintiffs as attendees of the "Character Building Camp" at issue, and therefore acknowledge the possibility that further amendment to add defendants or amend claims may be appropriate after initial discovery is done with respect to all named defendants. Plaintiff therefore requests that the Court set any cutoff for adding parties or claims to be filed on or before Wednesday, September 25, 2020, absent a showing of good cause and to the extent justice requires such amendment under FRCP 15(a)(2).

Other than the potential discovery motions identified by Plaintiffs, Defendants do not presently anticipate other discovery motions. In light of the filing of Plaintiffs' FAC, which adds Defendant Simpson as a named defendant, Defendants currently do not believe that there are any additional or necessary parties that need to be added to this lawsuit.

**I.     Class Certification**:

Parties agree that class certification is not necessary or appropriate here.

**J.     Dispositive Motions**:

Plaintiffs do not presently anticipate filing dispositive motions, absent disclosure of facts or documents that warrant bringing such a motion in good faith before this Honorable Court. Defendants currently contemplate the potential filing of a motion for summary judgment under FRCP 56(a).

Defendants may file motions for summary judgment and/or summary adjudication of issues on grounds that plaintiffs cannot establish essential elements of their alleged causes of action. Defendants propose that any dispositive motions be heard on or before June 4, 2021. The proposed deadline contemplates any such motion will be filed and served prior to the hearing date to allow sufficient notice pursuant to local and federal rules.

**K.      Settlement/Alternative Dispute Resolution (ADR):**

Because this litigation is in its early stages and parties have yet to successfully complete initial written discovery or serve Defendant Simpson, parties have not yet engaged in substantive settlement discussions. Pursuant to the conference of counsel on May 21, 2020, Plaintiffs and Defendants are prepared to conduct good faith settlement discussions by way of a court-appointed mediator from the Court's ADR panel.

**L.      Pretrial Conference and Trial:**

Based on the anticipated discovery and motion issues identified above, as well as the discovery schedule proposed to allow parties to resolve such issues, Plaintiffs and Defendants propose a Pretrial Conference date of Monday, July 12, 2021 and a Jury Trial date of Tuesday, July 20, 2021.

//

**M.  Trial Estimate**:

Based on the anticipated scope of discovery and percipient witnesses understood but not presently identified, counsel for all parties currently estimate a jury trial of approximately 7-10 days.

**N.  Trial Counsel**:

Trial counsel for Plaintiffs will be attorney of record Daniel C. Sharpe, Esq.

Trial counsel for Defendants City of Los Angeles and Officer Bonita Williams will be attorneys of record Frederick B. Hayes, Esq., and Christina P. Schmidt, Esq.

Because service of Defendant Simpson is ongoing, the identity of her eventual counsel of record or trial counsel is currently unknown.

**O.  Independent Expert or Master**:

Counsel for Plaintiffs and Defendants City of Los Angeles and Officer Bonita Williams agree and represent herein that the litigation of the claims and defense in this case will not be aided by the appointment of a master pursuant to FRCP 53. Similarly, the Parties do not presently foresee any need or utility in the appointment of an independent scientific expert in this case.

**P.  Other Issues**:

Separate and apart from the discovery and motion issues described above, Plaintiffs acknowledge herein that both guardians ad litem are primarily Spanish-

speaking. Furthermore, Plaintiffs' counsel understands and represents herein that the currently unidentified percipient witnesses – both the other minor attendees of the LAPD outreach program at issue and their parental guardians – are likely to also include individuals that are primarily or exclusively Spanish-speaking. In fact, this anticipated language barrier is reflected in the allegations set forth in Plaintiffs' First Amended Complaint. See Docket No. 16, ¶¶ 29-32. As such, Plaintiffs anticipate the necessity of interpreter services during any trial in this matter.

Plaintiffs additionally anticipate filing a request for protective order, though anticipate that any such request can be resolved by way of a stipulation by and between defense counsel for Defendants City of Los Angeles and Officer Bonita Williams.

//

//

//

//

//

//

//

//

## **Verification of Signatures of Counsel for All Parties**

Pursuant to L.R. 5-4.3.4(a)(2)(i), I <u>Daniel C. Sharpe, Esq.</u> hereby attest that the below signatories have personally communicated to me their concurrence with the content of this Joint Report and have authorized me to file the same with this Honorable Court.

Date: May 27, 2020                              WINDSOR TROY

                                                                                         By:   <u>/S/ Daniel C. Sharpe, Esq.</u>
                                                                                             Daniel C. Sharpe, Esq.
                                                                                             Attorney for Plaintiffs

Date: May 27, 2020                              Los Angeles City Attorney's Office

                                                                                         By:   <u>/S/ Frederick B. Hayes</u>
                                                                                            Frederick B. Hayes, Esq.