Janine K. Jeffery, Esq. CBN 112639
Jjeffery@reilyjeffery.com
REILY & JEFFERY, INC.
5900 Canoga Avenue, Suite 350
Woodland Hills, CA 91367
Telephone: (818) 350-6282
Fax No.: (818) 350-6283

Attorneys for Defendant, Officer Bonita Williams and Joyce Fields Brewer Simpson

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.R., a Minor, by and through his Guardian Ad Litem, Erika Garcia; J.L., a Minor, by and through his Guardian Ad Litem, Claudia Santoyo,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, by and through the LOS ANGELES POLICE DEPARTMENT; OFFICER BONITA WILLIAMS, an Individual; JOYCE FIELDS BREWER SIMPSON, AN Individual; DOES 2-25, inclusive,<br><br>Defendants. | CASE NO. 2:20-cv-02619-FMO (JCx)<br><br>**DEFENDANT SIMPSON'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendant Joyce Fields Brewer Simpson ("Defendant"), answering the First Amended Complaint ("Complaint"), for herself and for no other parties, admits, denies and alleges as follows:

1. Answering Paragraph 1 of the Complaint, Defendant admits that prior to removal, the state court had concurrent jurisdiction over the claims in the Complaint for alleged violations of civil rights under 42 U.S.C. § 1983 and state law claims, that Plaintiffs seek the relief specified in this paragraph, and that the events that gave rise to this litigation occurred in the County of Los Angeles.

1

Except as specifically admitted, Defendant denies the remaining allegations in this paragraph and further denies that Plaintiffs are entitled to any of the relief they seek, or to any other relief, by way of their Complaint.

2.    Answering Paragraphs 2, 4, 5, 14-18, 19- 21, and 43-47 of the Complaint, Defendant lacks sufficient information and belief on which to admit or deny the allegations and on that ground denies them.

3.    Answering Paragraphs 3, 6, 7, 13, 26, and 33 of the Complaint, Defendant admits the allegations therein.

4.    Paragraphs 9, 10, 62-81, 90, 105, and 135 of the Complaint do not contain any charging allegations against this answering Defendant and as such, no answer is required of her. To the extent, however, these allegations include any claims of misconduct by Defendant, such allegations are expressly denied.

5.    Answering Paragraphs 11, 51, 61, 68, 74, 82, 98, 113, and 128 of the Complaint, which paragraphs incorporate by reference the allegations of other paragraphs of the pleading, Defendant incorporates by reference the answers provided to those paragraphs as if set forth in full.

6.    Answering Paragraph 12 of the Complaint, Defendant admits the LAPD has maintained a program called the Jeopardy Program and provided information to the public about the program. Defendant is without sufficient information and belief as to the truth or falsity of the remaining factual allegations set forth in this paragraph and, on that basis denies each and every such allegation.

7.    Answering Paragraph 22 of the Complaint, Defendant lacks sufficient information and belief on which to admit or deny the allegations as the allegations do not contain a specific date.

8.    Answering Paragraph 23 of the Complaint, Defendant admits that at all relevant times, Williams was, to Defendant's knowledge and belief, a trained officer and member of the LAPD. Except as otherwise admitted, Defendant denies the allegations therein.

9. Answering Paragraphs 24, 36, 116-119, and 122 of the Complaint, Defendant notes that these paragraphs contain allegations that assume disputed facts and legal conclusions and on that ground, Defendant denies the allegations therein.

10. Answering Paragraph 25 of the Complaint, Defendant admits she was introduced to the children as "Mama J." Defendant denies that she represented to the minors that she and Bonita Williams were related by blood.

11. Answering Paragraphs 27, 28-32, 34, 35, 37-42, 48-50, 52, 55-60, 70-73, 84-89, 91-97, 100-104, 106-112, 120, 121, 123-127, 129-134, and 136-140 of the Complaint, Defendant denies each and every allegation therein. Defendant further specifically and generally denies that she engaged in any wrongdoing and further specifically and generally denies that Plaintiffs suffered any damage as a result of any conduct of this answering Defendant.

12. Answering Paragraphs 53 and 114 of the Complaint, Defendant admits that at all relevant times, she understood that Williams was employed as a law enforcement officer and was acting in her capacity as a law enforcement officer. The flyers speak for themselves. Except as expressly admitted, Defendant lacks sufficient information and belief upon which to admit or deny the remainder of the allegations in Paragraphs 53 and 114 and on that ground denies them.

13. Answering Paragraphs 54 and 115 of the Complaint, to the extent the allegations are repetitive of other allegations in this Complaint, Defendant incorporates them in her answers to Paragraphs 54 and 115. To the extent that the paragraphs contains allegations that assume disputed facts, ultimate allegations and legal conclusions, they are denied.

14. Answering Paragraphs 83 and 99 of the Complaint, Defendant admits the Character Building Camp operated from Monday through Thursday from June 3, 2019 to June 13, 2019. To the extent Plaintiffs have included the language "as described elsewhere in the Complaint," Defendant hereby incorporates, as if set

3

forth in full, all of her responses to conduct "described elsewhere in the Complaint."

15. To the extent an allegation in the complaint was not answered that should have been answered, it is hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

16. Each separate claim for relief contained in the complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

17. As to the federal claims and theories of recovery, Defendant is protected from liability under the doctrine of qualified immunity, because Defendant's conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

### THIRD AFFIRMATIVE DEFENSE

18. Plaintiffs failed to use reasonable care to reduce and minimize the damages, if any, resulting from the acts, events, and circumstances alleged in the Complaint, and by such failure to mitigate damages, Plaintiffs are a direct and proximate cause of any damages they allege to have suffered.

### FOURTH AFFIRMATIVE DEFENSE

19. That Plaintiffs herein are barred from any recovery on the basis that Plaintiffs and their guardians' own negligence and lack of care for their health was the sole and proximate cause of their alleged injuries; but in the event that a finding is made that negligence or fault exists on the part of Defendant which proximately or legally in full or in part caused or contributed to the Plaintiffs' injury, damage or loss, if any, Plaintiffs' recovery should be reduced on the basis of the Plaintiffs' comparative negligence and/or that of Plaintiffs' guardians ad litem.

## FIFTH AFFIRMATIVE DEFENSE

20. Upon information and belief, Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

## SIXTH AFFIRMATIVE DEFENSE

21. Upon information and belief, Plaintiffs' claims are barred, in whole or in part, based upon the doctrines of waiver, and estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

22. Defendant reserves the right to amend her answer and defense, to assert additional affirmative defenses, and to supplement, alter or change her answer upon the discovery of additional facts.

WHEREFORE, Defendant prays as follows:

1. Plaintiffs take nothing by reason of their complaint;
2. This action be dismissed forthwith with costs of suit incurred;
3. Defendant be awarded attorneys' fees pursuant to 42 U.S.C. § 1983;
4. For such other and further relief as the court may deem just and proper.

Dated: July 6, 2020                REILY & JEFFERY, INC.

By   */s/ Janine K. Jeffery*
     Janine K. Jeffery, Esq.
     Attorneys for Defendants
     Simpson and Williams

## **DEMAND FOR JURY TRIAL**

Defendant hereby requests trial by jury on all issues so triable.

Dated: July 6, 2020              REILY & JEFFERY, INC.

                                    By   */s/ Janine K. Jeffery*
                                         Janine K. Jeffery, Esq.
                                         Attorneys for Defendants
                                         Simpson and Williams